JAMES C. YOON, State Bar 177155
jyoon@wsgr.com
ALBERT SHIH, State Bar 251726
ashih@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

Attorneys for Plaintiff
Epistar Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPISTAR CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Lowe's Companies, Inc.,<br>Lowe's Home Centers, LLC<br><br>　　　　Defendants. | CASE NO.: 2:17-cv-03219<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Pursuant to Section 1338 of Title 28 of the United States Code, Plaintiff Epistar Corporation ("Plaintiff" or "Epistar") alleges for its Complaint against Lowe's Companies, Inc. and Lowe's Home Centers, LLC (collectively "Lowe's" or "Defendants"), on personal knowledge as to Epistar's own actions and on information and belief as to the actions of others, as follows:

COMPLAINT FOR PATENT
INFRINGEMENT

1.     This Complaint arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 35 U.S.C. § 271 *et seq*., 28 U.S.C. §§ 1331 and 1338(a).

## THE PARTIES

2.     Plaintiff Epistar is a Taiwanese corporation with its principal place of business at 21 Li-Hsin Road, Science Park, Hsinchu 300, Taiwan. Epistar is one of the world's leading manufacturers of light-emitting diodes.

3.     Upon information and belief, Defendant Lowe's Companies, Inc. ("LCI") is a North Carolina corporation having a principal place of business at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

4.     Upon information and belief, Defendant Lowe's Home Centers, LLC ("LHC") is a North Carolina company having a principal place of business at 1605 Curtis Bridge Road, North Wilkesboro, North Carolina 28697.

5.     LHC owns and operates home improvement warehouses known as "Lowe's Home Improvement" warehouses in this State and District that sell the products alleged herein to infringe Epistar's patents-in-suit.

## JURISDICTION AND VENUE

6.     The Court may exercise personal jurisdiction over Defendants because Defendants have continuous and systematic contacts with the State of California and, on information and belief, do business in this District.

7.     Defendants conduct business in this District by importing, marketing, offering for sale, and selling its infringing products in this District.

8.     Defendants maintain a store in this District at 4550 West Pico Blvd. Unit D-101, Los Angeles, CA, 90019. *See* Figures 1-2.

1
2
3
4
5
6
7
8
9
10
11
12
13



**Figure 1.**

14
15
16
17
18
19
20
21
22
23
24
25



**Figure 2.**

26
27
28

COMPLAINT FOR PATENT INFRINGEMENT             -3-

1    9.    Defendants partner to sell infringing Kichler branded products in

2  the store located within this District at 4550 West Pico Blvd. Unit D-101, Los

3  Angeles, CA, 90019.  *See* Figures 3-5.

4

5

6

7

8

9

10

11

12

13

14



**Figure 3.**

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**Figure 4.**

1
2
3
4
5
6
7
8



**Figure 5.**

9

10    10.    Defendants partners to sell infringing Kichler branded products and

11  Utilitech branded products by accessing Lowe's website in this District.  *See e.g.*,

12  Figure 6, available at *https://www.lowes.com/pd/Kichler-Lighting-60-W-*

13  *Equivalent-Dimmable-Soft-White-A15-LED-Decorative-Light-Bulb/1000115781*

14  (last visited Mar. 9, 2017); Figure 7, available at

15  *https://www.lowes.com/pd/Utilitech-60-W-Equivalent-Warm-White-A19-LED-*

16  *Light-Fixture-Light-Bulb/999957715* (last accessed Apr. 25, 2017); Kichler at

17  Lowe's, available at *https://www.lowes.com/b/kichler.html* (last accessed Mar. 9,

18  2017) ("Kichler and Lowe's are here to help you find the best lighting plan for

19  your home."); Figures 2-4.

20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11



**Figure 6.**

12
13
14
15
16
17
18
19
20
21
22
23
24

**Figure 7.**

25   11.   Because Defendants have availed themselves of the privileges of

26 conducting activities in this District, Defendants are subject to personal jurisdiction

27 in this District.

28

COMPLAINT FOR PATENT
INFRINGEMENT

-6-

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and/or 1400(b) because among other things, Defendants are subject to personal jurisdiction in this District, have committed acts of patent infringement in this District, and continue to commit acts of infringement in this District.

**FACTUAL BACKGROUND**

13.     Epistar brings this action to seek injunctive relief and damages arising out of Defendants' infringement of Epistar's U.S. Patent Nos. 6,346,771; 7,560,738; 8,791,467; 8,492,780; and 8,587,020  (collectively "the Patents-in-Suit").

**Epistar**

14.     Epistar is widely recognized as "one of the pioneers in the LED filament industry" and "has invested resources in LED filament technology for years to improve filament efficiency." *See http://www.ledinside.com/interview/2016/7/epistar_improves_product_structure_and_profitability_by_specializing_in_niche_led_lighting_applications* (last accessed Mar. 9, 2017).  Leading the LED filament evolution, Epistar was one of the earliest companies to acquire related patents including those covering the integration of carrier substrates.

15.     Epistar has received numerous industry awards over the years for its innovations in LED technology.  Most recently, Epistar received an Outstanding Photonics Product Award at the 13th International Nano Exposition hosted in Taiwan for the design of its Flexible LED Lighting System.

16.     Epistar LED products are used for a variety of applications including cell phone screens, laptops, televisions, the automotive industry, and home lighting.  Epistar's patented technologies embodied in its LED products inject the benefits of solid state, LED, lighting into everyday life.  *See e.g.*, Figure 8.

COMPLAINT FOR PATENT INFRINGEMENT                -7-



**Figure 8.**

17.     Epistar is one of the largest manufacturers of light-emitting diodes (LEDs) in the world, with approximately 4,100 employees and millions of U.S. dollars invested annually in research and development work.  To date, Epistar's investment has resulted in over 3,000 patents.

### Lowe's Companies, Inc. and Lowe's Home Centers, LLC

18.     Defendant LCI is headquartered in Mooresville, North Carolina.

19.     Defendant LHC is headquartered in North Wilkesboro, North Carolina.

20.     Defendants have, and continue to, offer for sale and sell infringing LED bulbs since at least as early as 2016, including, but not limited to, the Kichler Lighting 60 W Equivalent Dimmable Soft White A15 Led Decorative Light Bulb (Manufacturer Part Number: YGA16A08-A15C-CL-5W), UTILITECH 60 W Equivalent Warm White A19 LED Light Fixture Light Bulb (Manufacturer Part Number: YGA03A41-A19-9W-830), and similar products (the "Accused Products"). *See e.g.*, *https://www.lowes.com/pd/Kichler-Lighting-60-W-Equivalent-Dimmable-Soft-White-A15-LED-Decorative-Light-Bulb/1000115781* (last accessed Mar. 9, 2017);  *https://www.lowes.com/pd/Utilitech-60-W-Equivalent-Warm-White-A19-LED-Light-Fixture-Light-Bulb/999957715* (last accessed Apr. 25, 2017); *see also* *https://www.lowes.com/l/led-lighting.html?searchTerm=led%20lighting* (last accessed Mar. 9, 2017) ("At Lowe's, we have a full selection of LED lighting for all your needs, inside or out.").

21.     The Accused Products contain a variety of electrical components used to control various aspects of the operation of the LED bulb.  The Accused Products are assembled with pre-configured electrical components.

22.     As its web page explains, the Kichler Lighting 60 W Equivalent Dimmable Soft White A15 LED Decorative Light Bulb has "[d]immable, customizable levels of brightness to set your desired ambient lighting mood" with a "[u]nique strand-style LED arrangement [that] provides a classic replica of antique light bulbs." *See* *https://www.lowes.com/pd/Kichler-Lighting-60-W-Equivalent-Dimmable-Soft-White-A15-LED-Decorative-Light-Bulb/1000115781* (last accessed Mar. 9, 2017).

23.     The Kichler Lighting 60 W Equivalent Dimmable Soft White A15 LED Decorative Light Bulb retails for around $8 per LED bulb.

24.     As its web page explains, the UTILITECH 60 W Equivalent Warm White A19 LED Light Fixture Light Bulb "[i]ncludes one 9-watt (60-watt

equivalent) warm white A19 LED bulb" that "[l]asts for 2,000 hours."  *See*
*https://www.lowes.com/pd/Utilitech-60-W-Equivalent-Warm-White-A19-LED-Light-Fixture-Light-Bulb/999957715* (last accessed Apr. 25, 2017).

25.     The UTILITECH 60 W Equivalent Warm White A19 LED Light Fixture Light Bulb retails for around $1 per LED bulb.

## The Commercial LED Market

26.     With constant innovation in emission efficiency and product design by companies like Epistar, the commercial LED industry is still growing at a promising rate.  Industry reports indicate that "LED Lighting market to Worth USD 33.1B as Market Penetration Rate Hit 52% by 2017." *http://www.ledinside.com/intelligence/2016/11/ledinside_led_lighting_market_to_worth_usd_33_1b_as_market_penetration_rate_hit_52_by_2017* (last accessed March 14, 2017).  "In addition, American major manufacturers are actively developing LED lighting business, with the rising LED lighting penetration rate." *Id*.

## The Patents-in-Suit

27.     The Patents-in-Suit represent key achievements of Epistar's continuous research and development efforts.  These patents enhance the performance of LED filament bulbs and, as a result, help drive demand for Epistar's products.

28.     On February 12, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,346,771 ("the '771 patent"), entitled "High Power LED Lamp," to Hassan Paddy Abdel Salam.  Epistar is the owner of the '771 patent.  A true and correct copy of the '771 patent is attached hereto as Exhibit 1.

29.     On July 14, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,560,738 ("the '738 patent"), entitled "Light-Emitting Diode Array Having An Adhesive Layer," to Wen-Huang Liu.

Epistar is the owner of the '738 patent. A true and correct copy of the '738 patent is attached hereto as <u>Exhibit 2</u>.

30.     On July 29, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,791,467 ("the '467 patent"), entitled "Light Emitting Diode And Method Of Making The Same," to Kuang-Neng Yang. Epistar is the owner of the '467 patent.  A true and correct copy of the '467 patent is attached hereto as <u>Exhibit 3</u>.

31.     On July 23, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,492,780 ("the '780 patent"), entitled "Light-Emitting Device and Manufacturing Method Thereof," to Chen Ke Hsu, Win Jim Su, Chia-Ming Chuang, and Chen Ou.  Epistar is the owner of the '780 patent.  A true and correct copy of the '780 patent is attached hereto as <u>Exhibit 4</u>.

32.     On November 19, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,587,020 ("the '020 patent"), entitled "LED Lamps," to Salam Hassan.  Epistar is the owner of the '020 patent. A true and correct copy of the '020 patent is attached hereto as <u>Exhibit 5</u>.

33.     Since early 2016 Epistar has directly communicated on multiple occasions to Defendants that the Accused Products infringe Epistar's patents. Defendants had actual knowledge of the asserted '771 patent, '738 patent, '780 patent and '020 patent and/or their respective applications at least as of April 7, 2016.  Defendants had actual knowledge of the asserted '467 patent and/or its respective applications at least as of November 9, 2016.  Despite this actual knowledge, and without communicating any theory of noninfringement or making any good-faith efforts to avoid infringing the Patents-in-Suit, Defendants continued to infringe, and profit from, the Accused products.  Defendants actively, knowingly, and intentionally sell and offer to sell the Accused Products that infringe on the Patents-in-Suit.

## **FIRST CAUSE OF ACTION**

**(Infringement of U.S. Patent No. 6,346,771)**

34.     Epistar repeats and re-alleges the allegations of paragraphs 1 through 33 in their entirety.

35.     Defendants have infringed, either literally and/or under the doctrine of equivalents, one or more claims of the '771 patent, and continue to infringe in this District, by making, using, selling, offering for sale, and/or importing into the United States products including, but not limited to, the Kichler Lighting 60 W Equivalent Dimmable Soft White A15 LED Decorative Light Bulb, without the permission of Epistar.  Defendants are thus liable for direct infringement of the '771 patent pursuant to 35 U.S.C. § 271(a).  A representative claim chart detailing Defendants' infringement of at least claim 38 of the '771 patent is attached as Exhibit 6.

36.     Defendants had pre-suit knowledge of the '771 patent and that the products and systems identified herein infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '771 patent.  Defendants have knowingly and intentionally induced and encouraged the direct infringement of the '771 patent by Defendants' customers, resellers, retailers, and end users by intentionally directing them and encouraging them to make, use, sell, and/or offer to sell within the United States and/or to import into the United States one or more devices that embody the patented invention and that incorporate the accused products and systems identified above.  On information and belief, Defendants provide support to instruct their customers on how to use the infringing technology.  Defendants are therefore liable for indirect infringement of the '771 patent pursuant to 35 U.S.C. § 271(b).

37.     Defendants had pre-suit knowledge of the '771 patent and that the products and systems identified infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '771 patent.  Defendants have and continue to contributorily infringe, and will continue to contributorily infringe,

either literally and/or under the doctrine of equivalents, one or more claims of the '771 patent. Defendants have knowingly and intentionally contributorily infringed the '771 patent by offering to sell, selling, and/or importing into the United States a component constituting a material part of the invention disclosed in the '771 patent, knowing the same to be made or adapted specifically for use in the infringement of the '771 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendants are therefore liable for indirect infringement of the '771 patent pursuant to 35 U.S.C. § 271(c).

38.     Unless enjoined by this Court, Defendants will continue to infringe the '771 patent, and Epistar will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Epistar is entitled to preliminary and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

39.     Defendants acted in a manner that was willful, malicious, in bad-faith, deliberate, consciously wrongful, or flagrant. As a result of Defendants' infringement of the '771 patent, Epistar has been and continues to be irreparably injured in its business and property rights, and is entitled to recover damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Infringement of U.S. Patent No. 7,560,738)

40.     Epistar repeats and re-alleges the allegations of paragraphs 1 through 39 in their entirety.

41.     Defendants have infringed, either literally and/or under the doctrine of equivalents, one or more claims of the '738 patent, and continue to infringe in this District by making, using, selling, offering for sale, and/or importing into the United States products including, but not limited to, the Kichler Lighting 60 W Equivalent Dimmable Soft White A15 LED Decorative Light Bulb, without the permission of Epistar. Defendants are thus liable for direct infringement of the '738 patent pursuant to 35 U.S.C. § 271(a). A representative claim chart detailing

COMPLAINT FOR PATENT
INFRINGEMENT

-13-

Defendants' infringement of at least claim 1 of the '738 patent is attached as Exhibit 7.

42.     Defendants had pre-suit knowledge of the '738 patent and that the products and systems identified herein infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '738 patent.  Defendants have knowingly and intentionally induced and encouraged the direct infringement of the '738 patent by Defendants' customers, resellers, retailers, and end users by intentionally directing them and encouraging them to make, use, sell, and/or offer to sell within the United States and/or to import into the United States one or more devices that embody the patented invention, and that incorporate the accused products and systems identified above.  On information and belief, Defendants provide support to instruct its customers on how to use the infringing technology.  Defendants are therefore liable for indirect infringement of the '738 patent pursuant to 35 U.S.C. § 271(b).

43.     Defendants had pre-suit knowledge of the '738 patent and that the products and systems identified infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '738 patent.  Defendants have and continue to contributorily infringe, and will continue to contributorily infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '738 patent.  Defendants have knowingly and intentionally contributorily infringed the '738 patent by offering to sell, selling, and/or importing into the United States a component constituting a material part of the invention disclosed in the '738 patent, knowing the same to be made or adapted specifically for use in the infringement of the '738 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Defendants are therefore liable for indirect infringement of the '738 patent pursuant to 35 U.S.C. § 271(c).

44.     Unless enjoined by this Court, Defendants will continue to infringe the '738 patent, and Epistar will continue to suffer irreparable harm for which there

is no adequate remedy at law.  Accordingly, Epistar is entitled to preliminary and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

45.     Defendants acted in a manner that was willful, malicious, in bad-faith, deliberate, consciously wrongful, or flagrant.  As a result of Defendants' infringement of the '738 patent, Epistar has been and continues to be irreparably injured in its business and property rights, and is entitled to recover damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Infringement of U.S. Patent No. 8,791,467)

46.     Epistar repeats and re-alleges the allegations of paragraphs 1 through 45 in their entirety.

47.     Defendants have infringed, either literally and/or under the doctrine of equivalents, one or more claims of the '467 patent and continues to infringe in this District, by making, using, selling, offering for sale, and/or importing into the United States products including, but not limited to, the Kichler Lighting 60 W Equivalent Dimmable Soft White A15 LED Decorative Light Bulb, without the permission of Epistar.  Defendants are thus liable for direct infringement of the '467 patent pursuant to 35 U.S.C. § 271(a).  A representative claim chart detailing Defendants' infringement of at least claim 1 of the '467 patent is attached as Exhibit 8.

48.     Defendants had pre-suit knowledge of the '467 patent and that the products and systems identified herein infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '467 patent.  Defendants have knowingly and intentionally induced and encouraged the direct infringement of the '467 patent by Defendants' customers, resellers, retailers, and end users by intentionally directing them and encouraging them to make, use, sell, and/or offer to sell within the United States and/or to import into the United States one or more devices that embody the patented invention and that incorporate the accused

products and systems identified above.  On information and belief, Defendants provide support to instruct their customers on how to use the infringing technology.  Defendants are therefore liable for indirect infringement of the '467 patent pursuant to 35 U.S.C. § 271(b).

49.     Defendants had pre-suit knowledge of the '467 patent and that the products and systems identified infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '467 patent.  Defendants have and continue to contributorily infringe, and will continue to contributorily infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '467 patent.  Defendants have knowingly and intentionally contributorily infringed the '467 patent by offering to sell, selling, and/or importing into the United States a component constituting a material part of the invention disclosed in the '467 patent, knowing the same to be made or adapted specifically for use in the infringement of the '467 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Defendants are therefore liable for indirect infringement of the '467 patent pursuant to 35 U.S.C. § 271(c).

50.     Unless enjoined by this Court, Defendants will continue to infringe the '467 patent, and Epistar will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Epistar is entitled to preliminary and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

51.     Defendants acted in a manner that was willful, malicious, in bad-faith, deliberate, consciously wrongful, or flagrant.  As a result of Defendants' infringement of the '467 patent, Epistar has been and continues to be irreparably injured in its business and property rights, and is entitled to recover damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

COMPLAINT FOR PATENT INFRINGEMENT                    -16-

**FOURTH CAUSE OF ACTION**

**(Infringement of U.S. Patent No. 8,492,780)**

52.     Epistar repeats and re-alleges the allegations of paragraphs 1 through 51 in their entirety.

53.     Defendants have infringed, either literally and/or under the doctrine of equivalents, one or more claims of the '780 patent and continue to infringe in this District, by making, using, selling, offering for sale, and/or importing into the United States products including, but not limited to, the Kichler Lighting 60 W Equivalent Dimmable Soft White A15 LED Decorative Light Bulb and the UTILITECH 60 W Equivalent Warm White A19 LED Light Fixture Light Bulb, without the permission of Epistar.  Defendants are thus liable for direct infringement of the '780 patent pursuant to 35 U.S.C. § 271(a).  A representative claim chart detailing Defendants' infringement of at least claim 1 of the '780 patent is attached as Exhibit 9.

54.     Defendants had pre-suit knowledge of the '780 patent and that the products and systems identified herein infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '780 patent.  Defendants have knowingly and intentionally induced and encouraged the direct infringement of the '780 patent by Defendants' customers, resellers, retailers, and end users by intentionally directing them and encouraging them to make, use, sell, and/or offer to sell within the United States and/or to import into the United States one or more devices that embody the patented invention and that incorporate the accused products and systems identified above.  On information and belief, Defendants provide support to instruct their customers on how to use the infringing technology.  Defendants are therefore liable for indirect infringement of the '780 patent pursuant to 35 U.S.C. § 271(b).

55.     Defendants had pre-suit knowledge of the '780 patent and that the products and systems identified infringe, either literally and/or under the doctrine

of equivalents, one or more claims of the '780 patent.  Defendants have and continue to contributorily infringe, and will continue to contributorily infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '780 patent.  Defendants have knowingly and intentionally contributorily infringed the '780 patent by offering to sell, selling, and/or importing into the United States a component constituting a material part of the invention disclosed in the '780 patent, knowing the same to be made or adapted specifically for use in the infringement of the '780 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Defendants are therefore liable for indirect infringement of the '780 patent pursuant to 35 U.S.C. § 271(c).

56.     Unless enjoined by this Court, Defendants will continue to infringe the '780 patent, and Epistar will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Epistar is entitled to preliminary and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

57.     Defendants acted in a manner that was willful, malicious, in bad-faith, deliberate, consciously wrongful, or flagrant.  As a result of Defendants' infringement of the '780 patent, Epistar has been and continues to be irreparably injured in its business and property rights, and is entitled to recover damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (Infringement of U.S. Patent No. 8,587,020)

58.     Epistar repeats and re-alleges the allegations of paragraphs 1 through 57 in their entirety.

59.     Defendants have infringed, either literally and/or under the doctrine of equivalents, one or more claims of the '020 patent and continues to infringe in this District, by making, using, selling, offering for sale, and/or importing into the United States products including, but not limited to, the Kichler Lighting 60 W Equivalent Dimmable Soft White A15 LED Decorative Light Bulb and the

COMPLAINT FOR PATENT
INFRINGEMENT

1  UTILITECH 60 W Equivalent Warm White A19 LED Light Fixture Light Bulb,

2  without the permission of Epistar.  Defendants are thus liable for direct

3  infringement of the '020 patent pursuant to 35 U.S.C. § 271(a).  A representative

4  claim chart detailing Defendants' infringement of at least claim 1 of the '020

5  patent is attached as Exhibit 10.

6      60.     Defendants had pre-suit knowledge of the '020 patent and that the

7  products and systems identified herein infringe, either literally and/or under the

8  doctrine of equivalents, one or more claims of the '020 patent.  Defendants have

9  knowingly and intentionally induced and encouraged the direct infringement of the

10 '020 patent by Defendants' customers, resellers, retailers, and end users by

11 intentionally directing them and encouraging them to make, use, sell, and/or offer

12 to sell within the United States and/or to import into the United States one or more

13 devices that embody the patented invention and that incorporate the accused

14 products and systems identified above.  On information and belief, Defendants

15 provide support to instruct their customers on how to use the infringing

16 technology.  Defendants are therefore liable for indirect infringement of the '020

17 patent pursuant to 35 U.S.C. § 271(b).

18     61.     Defendants had pre-suit knowledge of the '020 patent and that the

19 products and systems identified infringe, either literally and/or under the doctrine

20 of equivalents, one or more claims of the '020 patent.  Defendants have and

21 continue to contributorily infringe, and will continue to contributorily infringe,

22 either literally and/or under the doctrine of equivalents, one or more claims of the

23 '020 patent.  Defendants have knowingly and intentionally contributorily infringed

24 the '020 patent by offering to sell, selling, and/or importing into the United States a

25 component constituting a material part of the invention disclosed in the '020

26 patent, knowing the same to be made or adapted specifically for use in the

27 infringement of the '020 patent, and not a staple article or commodity of commerce

28

COMPLAINT FOR PATENT          -19-
INFRINGEMENT

suitable for substantial non-infringing use.  Defendants are therefore liable for indirect infringement of the '020 patent pursuant to 35 U.S.C. § 271(c).

62.     Unless enjoined by this Court, Defendants will continue to infringe the '020 patent, and Epistar will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Epistar is entitled to preliminary and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

Defendants acted in a manner that was willful, malicious, in bad-faith, deliberate, consciously wrongful, or flagrant.  As a result of Defendants' infringement of the '020 patent, Epistar has been and continues to be irreparably injured in its business and property rights, and is entitled to recover damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in its favor and against Defendants as follows:

a.     That Defendants are liable for infringement, contributing to the infringement, and/or inducing the infringement of one or more claims of the Patents-in-Suit, as alleged herein;

b.     That such infringement is willful;

c.     That Defendants and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants, and employees of each of the foregoing, customers and/or licensees and those persons acting in concert or participation with any of them, are enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and/or selling products that infringe, and from contributorily and/or inducing the infringement of the Patents-in-Suit prior to their expiration, including any extensions;

d.     An Order directing Defendants to file with this Court and serve upon Plaintiff's counsel within 30 days after the entry of the Order of Injunction a report

COMPLAINT FOR PATENT                -20-
INFRINGEMENT

1  setting forth the manner and form in which Defendants have complied with the

2  injunction;

3      e.      An award of damages adequate to compensate Plaintiff for the

4  infringement that has occurred, in accordance with 35 U.S.C. § 284, in lost profits,

5  price erosion and/or reasonable royalty, including pre-judgment and post-judgment

6  interest at the highest rates allowed by law;

7      f.      An accounting and/or supplemental damages for all damages

8  occurring after any discovery cutoff and through the Court's decision regarding the

9  imposition of a permanent injunction;

10     g.      An award of attorneys' fees based on this being an exceptional case

11 pursuant to 35 U.S.C. § 285, including prejudgment interest on such fees;

12     h.      Costs and expenses in this action;

13     i.      Such other and further relief, in law and in equity, as this Court may

14 deem just and appropriate.

15

16

17

18

19

20 Dated:  April 28, 2017                WILSON SONSINI GOODRICH & ROSATI
                                        Professional Corporation
21

22

23                                      By:  _/s/ James C. Yoon_____
                                             James C. Yoon
24

25                                      Attorney for Epistar Corporation

26

27

28

COMPLAINT FOR PATENT                    -21-
INFRINGEMENT

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff

3

Epistar Corporation demands a trial by jury of this action.

4

5

Dated:  April 28, 2017                             WILSON SONSINI GOODRICH & ROSATI
                                                                   Professional Corporation

6

7

8

By:  */s/ James C. Yoon*
                                                                           James C. Yoon

9

Attorney for Epistar Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF EXHIBITS**

| Exhibit | Page(s) |
|---------|---------|
| 1 | 24-36 |
| 2 | 37-46 |
| 3 | 47-56 |
| 4 | 57-68 |
| 5 | 69-99 |
| 6 | 100-107 |
| 7 | 108-112 |
| 8 | 113-116 |
| 9 | 117-121 |
| 10 | 122-125 |