Robyn C. Crowther (SBN 193840)
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Tel:   (213) 439-9428
Fax:  (213) 439-9599
rcrowther@steptoe.com

Michael B. Eisenberg (*pro hac vice*)
**STEPTOE &JOHNSON LLP**
114 Avenue of the Americas, 35th Floor
New York, NY 10036
Tel:   (212) 506-3931
Fax:  (212) 506-3950
michael.eisenberg@steptoe.com

Jamie L. Lucia (SBN 246163)
**STEPTOE & JOHNSON LLP**
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
Tel:  (415) 365-6711
Fax:  (415) 365-6681
jlucia@steptoe.com

Anna M. Targowska (*pro hac vice*)
**STEPTOE & JOHNSON LLP**
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Tel:   (312) 577-1300
Fax:  (312) 577-1370
atargowska@steptoe.com

*Attorneys for Defendant*
*Lowe's Home Centers, LLC*

LOWE'S' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No.: 2:17-cv-03219-JAK-KS

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Epistar CORPORATION,<br><br>        Plaintiff,<br><br>    vs.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>        Defendants. | Case No.: 2:17-cv-03219-JAK-KS<br><br>Judge: Hon. John A. Kronstadt<br><br>Magistrate: Hon. Karen L. Stevenson<br><br>**LOWE'S' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |

1

# **TABLE OF CONTENTS**

2

**Page**

3

4
1.    INTRODUCTION .................................................................. 1

5
2.    THE PARTIES' CLAIMS AND DEFENSES [L.R. 16-4.1] ........................ 1

6
   2.1    Summary of Epistar's Claims [L.R. 16-4.1(a) ...................... 1

7
   2.2    Elements Required to Establish Epistar's Claims [L.R. 16- 4.1(b)] ...... 2

8
9
     (a)    Direct Infringement .................................................. 2

10
     (b)    Indirect Infringement ............................................... 3

11
     (c)    Willful Infringement ................................................ 4

12
     (d)    Damages ............................................................... 4

13
     (e)    Attorneys' fees, expenses and costs .............................. 5

14
   2.3    Brief Description of Key Evidence in Opposition to Epistar's Claims

15
16
     [L.R. 16-4.1(c)] ...................................................... 6

17
     (a)    Infringement........................................................... 6

18
     (b)    Willful Infringement ................................................ 6

19
20
     (c)    Damages............................................................... 7

21
     (d)    Attorney's fees, expenses and costs .............................. 7

22
   2.4    Summary of Lowe's' Affirmative Defenses and Counterclaims

23
     [L.R. 16-4.1(d)] ...................................................... 8

24
   2.5    Elements Required to Establish Lowe's' Affirmative Defenses and

25
     Counterclaims [L.R. 16-4.1(e)] ..................................... 8

26
     (a)    Non-Infringement .................................................. 8

27
     (b)    Invalidity ............................................................. 9

28

i

(c)     Limitation on Damages.........................................................12

(d)     No Willfulness and no entitlement to attorney's fees, expenses and costs 12

2.6     Brief Description of Key Evidence In Support of Lowe's' Affirmative Defenses and Counterclaims [L.R. 16-4.1(f)] ...................................13

(a)     Non-Infringement ....................................................13

(b)     Invalidity................................................................13

(c)     Limitation on Damages.........................................................13

(d)     No Willfulness and no entitlement to attorney's fees, expenses and costs 14

2.7     Anticipated Evidentiary Issues [L.R. 16-4.1(h)] ...................................14

2.8     Identification of Issues of Law [L.R. 16-4.1(i)] ...................................15

3.      BIFURCATION OF ISSUES [L.R. 16-4.3]...................................16

4.      JURY TRIAL [L.R. 16-4.4] ...................................17

4.1     Issues Triable to the Jury ...................................17

4.2     Issues Triable to the Court ...................................20

5.      ATTORNEYS' FEES [L.R. 16-4.5]...................................20

6.      ABANDONMENT OF ISSUES [L.R. 16-4.6] ...................................21

CERTIFICATE OF SERVICE ...................................23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ABS Glob., Inc. v. Inguran, LLC*,
2019 WL 3812520 (W.D. Wis. Aug. 14, 2019) ........................................... 17

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015) ......................................................... 3

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
598 F.3d 1336 (Fed. Cir. 2010) (*en banc*)......................................... 12

*BMC Res., Inc. v. Paymentech, L.P.*,
498 F.3d 1373 (Fed. Cir. 2007) ..................................................... 2, 3

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016).................................................................. 4

*In re Katz Interactive Call Processing Patent Litig.*,
639 F.3d 1303 (Fed. Cir. 2011) ....................................................... 11

*KSR Int'l Co. v. Teleflex Inc.*,
550 U.S. 398 (2007)............................................................... 10, 11

*LaserDynamics, Inc. v. Quanta v. Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012) ........................................................... 5

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
134 S. Ct. 2111 (U.S. 2014) ............................................................ 3

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009) ..................................................... 4, 5

*Markman v. Westview Instruments, Inc.*,
517 U.S. 370 (1996)..................................................................... 17

*In re McDaniel*,
293 F3d. 1379 (Fed. Cir. 2002) ....................................................... 11

*Microsoft Corp. v. i4i Ltd. P'ship*,

iii

*564 U.S. 91, 95 (2011)* ................................................................. 9

*Minks v. Polaris Indus.,Inc.,*
   546 F.3d 1364 (Fed. Cir. 2008) ...................................................... 5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
   572 U.S. 545 (2014)......................................................................... 5

*Opticurrent, LLC v. Power Integrations, Inc.,*
   No. 17-cv-03597, 2018 U.S. Dist. LEXIS 215907 (N.D. Cal. Dec.
   21, 2018) .......................................................................................... 5

*Patlex Corp. v. Mossinghoff,*
   758 F.2d 594 (Fed. Cir. 1985) ...................................................... 17

*Riles v. Shell Exploration & Prod. Co.,*
   298 F.3d 1302 (Fed. Cir. 2002) ...................................................... 4

*Tokai Corp. v. Easton Enters., Inc.,*
   632 F.3d 1358 (Fed. Cir. 2011) .................................................... 11

*Univ. of Rochester v. G.D. Searle & Co.,*
   358 F.3d 916 (Fed. Cir. 2004) ...................................................... 12

*In re Wands,*
   858 F.2d 731 (Fed. Cir. 1988) ...................................................... 11

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co..,*
   520 U.S. 17 (1997)........................................................................... 3

**Statutes**

35 U.S.C. § 102.......................................................... 8, 9, 10, 13

35 U.S.C. §102(a) ............................................................................ 9

35 U.S.C. § 102(b) ........................................................................ 10

35 U.S.C. §102(e) ............................................................................ 9

35 U.S.C. § 103.................................................. 8, 9, 10, 13, 20

35 U.S.C. § 112..........................................................8-11, 13

iv

35 U.S.C. § 271(a) ................................................................................. 2

35 U.S.C. § 284................................................................... 2, 4, 15, 20

35 U.S.C. § 285................................................................... 2, 7, 15, 20

35 U.S.C. § 286.......................................................................... 12, 13, 14

35 U.S.C. § 287.......................................................................... 12, 13, 14

LOWE'S' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No.: 2:17-cv-03219-JAK-KS

1   Pursuant to Local Rule 16-4 and the Court's February 5, 2021 Scheduling
2   Order (ECF No. 315), Defendant Lowe's Home Centers LLC ("Lowe's")
3   respectfully submits this Memorandum of Contentions of Fact and Law
4   pertaining to the trial scheduled to commence on July 13, 2021.

5   **1.   INTRODUCTION**

6   This is an action for patent infringement brought by Epistar Corporation
7   ("Epistar") against Lowe's. Epistar is the owner of U.S. Patent No. 6,346,771
8   ("the '771 patent"), entitled "High Power LED Lamp," a U.S. Patent No.
9   7,560,738 ("the '738 patent"), entitled "Light-Emitting Diode Array Having An
10  Adhesive Layer," U.S. Patent No. 8,492,780 ("the '780 patent"), entitled "Light-
11  Emitting Device and Manufacturing Method Thereof," and U.S. Patent No.
12  8,587,020 ("the '020 patent"). The '771 Patent, the '738 Patent, the '780 Patent,
13  and the '020 Patent are referred to collectively as "the Asserted Patents."

14  Epistar contends that Lowe's infringes twelve claims of the Asserted
15  Patents. Epistar's allegations are not directed to products made by Lowe's, but
16  instead to products that Lowe's resells at retail.  At the summary judgment stage
17  the Court determined that four claims of the '738 patent were infringed, that the
18  remaining claims of the '738 patent were invalid, and that all claims of the '478
19  patent were invalid. Lowe's intends to submit evidence showing that the
20  remaining asserted claims are not infringed. Lowe's also intends to show that all
21  of the claims that survived summary judgment are invalid. As a result, Lowe's
22  seeks judgment in its favor and that Epistar take nothing.

23  **2.   THE PARTIES' CLAIMS AND DEFENSES [L.R. 16-4.1]**

24  **2.1   Summary of Epistar's Claims [L.R. 16-4.1(a)**

25  Epistar alleges that Lowe's directly and indirectly infringes claims 36 and
26  38 of the '771 patent, claims 1-3 and 8 of the '738 patent,[1] claims 1, 3 and 7 of

27

28  [1] The Court granted summary judgment of infringement of claims 1-3, and 8 of the
'738 patent.

1

the '780 patent, and claims 9, 10, and 15 of the '020 patent, (collectively, "Asserted Claims"). In its portion of the pretrial order, Epistar also alleges that it intends to assert that Lowe's infringes claims 1-7 of the '780 patent under the doctrine of equivalents.[2]

Epistar also alleges that Lowe's' alleged infringement of the Asserted Claims of the Asserted Patents is willful. Epistar also seeks damages only in the form of a reasonable royalty for the alleged infringement of the Asserted Patents. Epistar also seeks enhanced damages pursuant to 35 U.S.C. § 284. Finally, Epistar seeks costs, expenses and reasonably attorneys' fees pursuant to 35 U.S.C. § 285.

## 2.2   Elements Required to Establish Epistar's Claims [L.R. 16-4.1(b)]

### (a)   Direct Infringement

To prove direct infringement of the Asserted Claims of the Asserted Patents, Epistar must prove that one of the Asserted Claims reads on or encompasses an Accused Product that was used, offered for sale, sold, or imported into the United States by Lowe's, without authority, during the term of the corresponding Patent-in-Suit. 35 U.S.C. § 271(a). Epistar must prove by a preponderance of the evidence that each and every element of an Asserted Claim as construed by the Court is present in one of the Accused Products. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007) ("Infringement requires, as it always has, a showing that a defendant has practiced each and every element of the claimed invention.")

In this litigation, Epistar must prove that the Accused Products infringe the Asserted Claims literally. To prove that the Accused Products literally

---

[2]   Lowe's intends to file a motion in *limine* to preclude Epistar from presenting infringement under the doctrine of equivalents, which was not properly preserved for trial.

1  infringe the Asserted Claims, Epistar must prove that each and every element of
2  an Asserted Claim has identical correspondence in one or more of the Accused
3  Products. *Id.* To the extent that the Court determines that infringement under the
4  doctrine of equivalents was preserved, to establish that theory, Epistar must
5  prove that the difference between the feature in the Accused Product and the
6  feature that is literally recited in the Asserted Claim is "insubstantial." Whether a
7  difference is insubstantial is generally performed by assessing whether alleged
8  equivalent performs substantially the same function, in substantially the same
9  way, to achieve substantially the same result as the missing element. *Warner-*
10 *Jenkinson Co. v. Hilton Davis Chem. Co..*, 520 U.S. 17, 39–41 (1997)
11 (upholding the "triple identity" test for mechanical devices and holding that the
12 doctrine of equivalents, like literal infringement, must be tested element by
13 element).

14              **(b)    Indirect Infringement**

15         Liability for indirect infringement must be predicated on a finding of direct
16 infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111
17 (U.S. 2014); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020
18 (Fed. Cir. 2015) (on remand, *en banc*). Liability for indirect infringement is, in
19 effect, a finding of vicarious liability, where a party that did not directly infringe
20 may be held legally liable for acts of direct infringement by another.[3]

---

[3]    Lowe's intends to file a motion in *limine* to preclude Epistar from presenting
an indirect infringement theory. Epistar has presented no theory of liability that it
could pursue under which Lowe's could be found liable for induced or
contributory infringement without also being held liable for direct infringement as
the seller of the accused products. There are no additional acts of infringement (or
potential damages) at issue to necessitate addressing indirect infringement, which
instead will simply cause confusion and waste time.

3

**Induced infringement.** With respect to induced infringement, Epistar must also prove that (1) someone other than Lowe's directly infringes each asserted claim; (2) Lowe's intentionally took action that actually induced direct infringement of the '771 patent; (3) Lowe's was aware of the '771 patent; and (4) Lowe's knew that actions, by someone other than Lowe's, that Lowe's was causing would infringe the or was willfully blind to that fact.

**Contributory infringement.** With respect to contributory infringement, Epistar must prove by a preponderance of the evidence that Lowe's: (1) someone other than Lowe's directly infringes each asserted claim, (2) Lowe's supplied an important component of the infringing part of the accused product, (3) that component is not a common component suitable for non-infringing use, and (4) Lowe's supplied the component with knowledge of the claims of the '771 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

### (c)    **Willful Infringement**

To prove willful infringement, Epistar must first prove that one of the Accused Products infringes a valid and enforceable Asserted Claim of the Asserted Patents. Epistar must then prove by a preponderance of the evidence that Lowe's' conduct was "egregious." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016). The decision whether to award enhanced damages is for the Court to be made based on whether "a 'punitive' or 'vindictive' sanction for egregious infringement behavior" is warranted.

### (d)    **Damages**

To be entitled to damages, Epistar must first prove infringement and Lowe's must not prevail on its defenses and/or counterclaims. Epistar is seeking only a reasonable royalty to compensate for the alleged infringement by Lowe's. Epistar is also seeking enhanced damages pursuant to 35 U.S.C. § 284.

4

To obtain a reasonable royalty, Epistar must prove the reasonable royalty to which it is entitled by a preponderance of the evidence. *Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301, 1324 (Fed. Cir. 2009). A reasonably royalty can be awarded based on a hypothetical negotiation between the parties taking place at the time of first infringement. *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002). Events after first infringement may also be considered as part of the "book of wisdom." *Opticurrent, LLC v. Power Integrations, Inc.,* No. 17-cv-03597, at *29, 2018 U.S. Dist. LEXIS 215907 (N.D. Cal. Dec. 21, 2018).

For reasonable royalty damages, "[t]he hypothetical negotiation requires the court to envision the terms of a licensing agreement reached as the result of a supposed meeting between the patentee and the infringer at the time infringement began." *Minks v. Polaris Indus.,Inc.*, 546 F.3d 1364, 1372 (Fed. Cir. 2008) (quotations omitted). "The hypothetical negotiation tries, as best as possible, to recreate the ex ante licensing negotiation scenario and to describe the resulting agreement." *Lucent Techs., Inc.*, 580 F.3d at 1325 (emphasis in original). To determine the date of the hypothetical negotiation, the Federal Circuit has "consistently adhered" to the principle that "[i]n general, the date of the hypothetical negotiation is the date that the infringement began." *LaserDynamics, Inc. v. Quanta v. Computer, Inc*., 694 F.3d 51, 75 (Fed. Cir. 2012). For the hypothetical negotiation, defenses to infringement are assumed not to apply and the asserted claims are assumed valid and infringed. See Lucent Techs., Inc., 580 F.3d at 1325.

### (e)   Attorneys' fees, expenses and costs

The decision whether to grant attorney fees is entirely within the discretion of the Court. A statutory predicate to obtaining attorney fees is status as a prevailing party. Epistar must establish the exceptional nature of the case by a

5

preponderance of the evidence. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 545 (2014).

### 2.3    Brief Description of Key Evidence in Opposition to Epistar's Claims [L.R. 16-4.1(c)]

#### (a)    Infringement

Lowe's' evidence of non-infringement is summarized below, and is set forth in detail in the expert report and deposition of Lowe's' liability expert, Ian Ferguson and in the summary judgment papers submitted by Lowe's, which are incorporated by reference.

The Asserted Claims are not directly infringed by the Accused Products because Epistar cannot establish that they contain each and every element of the Asserted Claims. In addition, Epistar did not preserve the doctrine of equivalents for trial, leaving literal infringement as the only theory of infringement.

The key evidence at trial will include the Asserted Patents, the file histories of the Asserted Patents, and the Accused Products. Lowe's will introduce testimony and documents, from both Epistar and Lowe's, that will demonstrate that persons of ordinary skill in the art would not understand the Asserted Claims as construed by the Court to be infringed. This will include testimony of Lowe's' and Epistar's fact and expert witnesses and testing results provided by Epistar and its expert in support of its infringement claims.

As to indirect infringement, Lowe's again notes that Epistar presents no theory of infringement under which Lowe's could be held liable under an indirect theory of infringement without also being held liability for direct infringement. The claims at issue are all apparatus claims, and Epistar fails to allege that purchasers of the Accused Products perform any acts that would render the claims infringed only indirectly. Pursuit of indirect infringement will serve no purpose at trial other than to confuse the jury.

#### (b)    Willful Infringement

A brief summary of Lowe's' evidence that its conduct was not "egregious" is provided below. The key evidence at trial will include the Asserted Patents, the file histories of the Asserted Patents, Lowe's documents, testimony from Lowe's witnesses, and documents demonstrating that punitive and vindictive sanctions are not warranted. Lowe's is not a manufacturer of the allegedly infringing devices, nor did Lowe's have any input into the design or structure of those devices. The features of the asserted patents are not readily apparent from the accused devices themselves, instead testing must be performed to determine the relevant characteristics.

In addition, shortly after Epistar filed suit, Lowe's ceased additional purchases of the accused products, with the remaining sales thereafter merely depleting the inventory. Moreover, the '771 and '020 patent at issue in this case expired during the course of this lawsuit and the asserted claims of the '467 patent were declared invalid by the Court. In addition, a number of claims from the '738 patent were also declared invalid.

### (c)   Damages

Lowe's' evidence rebutting Epistar's claims of damages is set forth in detail in the expert reports and depositions of Lowe's' damages expert, Tom Vander Veen, and Lowe's' liability experts, Ian Ferguson, which are incorporated by reference. Lowe's will introduce supporting evidence in the form of Lowe's and Epistar documents and testimony by Lowe's and Epistar witnesses, including liability and damages experts for both parties, demonstrating that Epistar has not proven a causal connection or nexus between the alleged infringement and the alleged harm being suffered and has not proven that the patented features drive demand for the Accused Products. Lowe's will also introduce documents and testimony from Lowe's demonstrating that Lowe's' allegedly infringing conduct is not willful.

### (d)   Attorney's fees, expenses and costs

1  Lowe's' evidence in opposition to Epistar's claim for attorneys' fees,
2  expenses and costs under 35 U.S.C. § 285 is the evidence of non-infringement,
3  invalidity, unenforceability and lack of entitlement to damages, summarized *infra*
4  in Section 2.4.

5  **2.4   <u>Summary of Lowe's' Affirmative Defenses and Counterclaims</u>**
6  **<u>[L.R. 16-4.1(d)]</u>**

7  Lowe's asserts the following counterclaims and affirmative defenses. First,
8  Lowe's asserts that it does not, and has not, infringed directly, either literally or
9  under the doctrine of equivalents, or infringed indirectly, the asserted claims of
10 the '771, '780, and '020 patents. Third, Lowe's asserts that each Asserted Claim
11 of the Asserted Patents is invalid for failure to meet one or more of the
12 requirements for patentability under 35 U.S.C. §§ 102, 103, and 112, including
13 for anticipation, obviousness, nonenablement, and lack of written description.

14 **2.5   <u>Elements Required to Establish Lowe's' Affirmative Defenses</u>**
15 **<u>and Counterclaims [L.R. 16-4.1(e)]</u>**

16 **(a)   <u>Non-Infringement</u>**

17 Lowe's asserts that Epistar cannot establish infringement of any valid and
18 enforceable claim of any Patents-in-Suit. As to contributory and induced
19 infringement in particular, Lowe's asserts that as a matter of law Epistar must
20 establish direct infringement by someone before contributory or induced
21 infringement can be established. Here, the only act of direct infringement for
22 which Epistar has sought to establish either liability or damages is for the sale of
23 products by Lowe's. Epistar has not identified any basis upon which direct
24 infringement could be established for anyone other than Lowe's, and therefore,
25 contributory and induced infringement are not live claims in this lawsuit. As to
26 the doctrine of equivalents, Lowe's asserts that Epistar did not disclose a theory
27 of infringement under the doctrine of equivalents in its infringement contentions,
28 and therefore, that issue is not preserved for trial.

**(b)**   <u>Invalidity</u>

Lowe's asserts that all claims, including, 32, 33, 36, and 38 of the '771 patent, claims 1-3 and 8 of the '738 patent, claims 1-7 of the '780 patent, and claims 2, 8, 9-13, and 15 of the '020 patent are invalid for failure to meet the requirements of one or more of Sections 102, 103, and 112 of Title 35 of the United States Code. Lowe's further notes that although invalidity must be shown by clear and convincing evidence, the Supreme Court has acknowledged that the jury may consider that standard easier to meet where the evidence relied upon was not before the Patent Office during initial prosecution. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).

**(i)**   <u>Anticipation</u>

To prove invalidity of an Asserted Claim based on anticipation under Pre-AIA 35 U.S.C. § 102, Lowe's must prove by clear and convincing evidence that a single piece of prior art expressly or inherently included all features recited in the claim. For purposes of this case, the cited prior art corresponds to patents and published patent applications, which comprise prior art under Pre-AIA 35 U.S.C. §102(a) and/or (b), which comprise prior art as of their publication or issue dates; as well as United States patent applications which comprise prior art under Pre-AIA 35 U.S.C. §102(e), which comprise prior art as of their effective filing dates.

Under Pre-AIA 35 U.S.C. § 102(a) and (e) the relevant question is whether the prior art is from before the date of the invention by the inventors. The date of invention is presumed to be the filing date of the asserted patent. In order to establish an earlier date of invention, the patent owner (here Epistar) must affirmatively establish the right to an earlier date. The right to an earlier date if based on an earlier application in the United States or a foreign country requires a showing that the subject matter as later claimed was described in the prior application in the manner required by 35 U.S.C. § 112, ¶ 1. The right to an earlier

9

date prior to the application requires corroborated evidence of conception followed by continuous diligence through reduction to practice.

Under Pre-AIA 35 U.S.C. § 102(b), the relevant question is whether the prior art was public (for patent documents published) more than one year prior to the effective filing date in the challenged patent in the United States. A patentee can establish an earlier effective filing date by establishing that the challenged patent claimed priority to an earlier United States patent application and that the challenged claim was supported in the prior application in the manner required by 35 U.S.C. § 112, ¶ 1.

### (ii)   **Obviousness**

Pre-AIA 35 U.S.C. § 103 does not separately define prior art, and instead relies on the same categories of prior art enumerated in Pre-AIA 35 U.S.C. § 102. The same summary analysis of which information would be considered prior art, therefore, applies here.

To prove invalidity of an Asserted Claim based on obviousness under Pre-AIA 35 U.S.C. § 103, Lowe's must prove by clear and convincing evidence that the claimed invention would have been obvious to a person of ordinary skill in the art at the time the invention was made. *See, e.g., KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406, 421–22 (2007). Although the ultimate decision on obviousness is for the Court, determining obviousness includes four predicate questions of fact for the jury: (1) the level of ordinary skill in the art; (2) the scope and content of the prior art; (3) any differences between the prior art and the challenged claim; and (4) any secondary considerations. *Id.* at 406. To establish secondary considerations of non-obviousness, the patentee must show a nexus between the information relied upon and the allegedly new aspects of the challenged claim. Ultimately, the Court must determine whether a challenged claim is invalid for obviousness. *Id.* at 407.

Although there are no rigid rules for assessing obviousness, "[o]ne of the ways in which a patent's subject matter can be proved obvious is by noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims." *KSR Int'l*, 550 U.S. at 419– 20. Although there is no requirement to establish the existence of a motivation to combine, such a showing can be helpful to establish the ultimate conclusion of obviousness. Courts can find a "motivation to combine prior art references in the nature of the problem to be solved." *Tokai Corp. v. Easton Enters., Inc*., 632 F.3d 1358, 1371 (Fed. Cir. 2011) (quotation omitted).

It is also well settled that anticipation is the epitome of obviousness. *See In re McDaniel*, 293 F3d. 1379, 1385 (Fed. Cir. 2002) (quoting *Connell v. Sears Roebuck & Co*., 722 F.2d 1542, 1548 (Fed. Cir. 1983)).

### (iii)    Lack of enablement

To prove invalidity based on lack of enablement of an Asserted Claim under 35 U.S.C. § 112, Lowe's must prove by clear and convincing evidence that the Asserted Patents fail to teach a person of ordinary skill in the art how to practice the full scope of the Asserted Claims without undue experimentation. *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988). A patent claim is invalid for lack of enablement if the patent at the time of the effective filing date did not contain a description of the claimed invention that is sufficiently full and clear to enable a person of ordinary skill in the art at the time to make and use the full scope of the invention. *Id*.

### (iv)    Lack of written description

To prove invalidity based on lack of adequate written description of an Asserted Claim under 35 U.S.C. § 112, Lowe's must prove by clear and convincing evidence that the patent specification did not show a person of ordinary skill that the inventor possessed the claimed invention as of the priority date. Written description is designed to ensure that the scope of the right to

11

1  exclude, as set forth in the claims, does not overreach the scope of the field of art
2  as described in the patent specification. *See In re Katz Interactive Call*
3  *Processing Patent Litig.*, 639 F.3d 1303, 1319 (Fed. Cir. 2011). A patentee may
4  claim broad inventions, but the claims are invalid unless the specification shows
5  that the patentee "had possession of the claimed subject matter as of the filing
6  date." A*riad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir.
7  2010) (*en banc*).

8      Written description is an objective inquiry into the four corners of the
9  specification. *Id*. at 1351. It is conducted from the perspective of a person of
10 ordinary skill in the art. *Id*. However, "[i]t is not a question whether one skilled in
11 the art might be able to construct the patentee's [invention]from the teachings of
12 the disclosure of the application." *Univ. of Rochester v. G.D. Searle & Co*., 358
13 F.3d 916, 923 (Fed. Cir. 2004). "Rather, it is a question whether the application
14 necessarily discloses that particular [invention]." *Id*. In other words, "a
15 description that merely renders the invention obvious does not satisfy the [written
16 description] requirement." *Ariad*, 598 F.3d at 1352.

17      **(c)    Limitation on Damages**

18      Lowe's asserts that any damages are limited, at least in part by Title 35,
19 United States Code, Sections 286 and 287. To rebut Epistar's damages demand,
20 Lowe's will show that Epistar has not proven that it is entitled to the damages it
21 seeks. Lowe's will show that Epistar has not proven that it is entitled to a
22 reasonable royalty and instead that its damages theory as presented by Epistar's
23 expert lacks merit.

24      **(d)    No Willfulness and no entitlement to attorney's fees,**
25 **expenses and costs**

26      Lowe's will prove that Epistar cannot establish that this case is "egregious"
27 or otherwise of the character to support a finding of willfulness. Lowe's will

28

LOWE'S' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No.: 2:17-cv-03219-JAK-KS

show that Epistar has not proven that this case is exceptional sufficient to support an award of attorney fees.

### 2.6   Brief Description of Key Evidence In Support of Lowe's Affirmative Defenses and Counterclaims [L.R. 16-4.1(f)]

#### (a)   Non-Infringement

Lowe's asserts that Epistar cannot establish infringement of any valid and enforceable claim of any Asserted Patent. In support Lowe's will rely on documents relating to the '771, '780, and '020 patents; documents relating to the design, development, manufacture, operation, sale and marketing of the accused products; test results from the testing of the accused products; the reverse engineering of the accused products; communications between Epistar and Lowe's; communications between Lowe's and third parties; and the testimony of Dr. Ferguson.

#### (b)   Invalidity

Lowe's asserts that all claims, including, 36 and 38 of the '771 patent, claims 1-3 and 8 of the '738 patent, claims 1,3 and 7 of the '780 patent, and claims 9, 10 and 15 of the '020 patent are invalid for failure to meet the requirements of one or more of Sections 102, 103, and 112 of Title 35 of the United States Code.

In support Lowe's will rely on documents relating to the '771, '738 '780, and '020 patents; prior art regarding the Asserted Patents; communications between Epistar and Lowe's; communications between Lowe's and third parties; and the testimony of Dr. Goldhaber-Gordon and Dr. Ferguson.

#### (c)   Limitation on Damages

Lowe's asserts that any damages are limited, at least in part by Title 35, United States Code, Sections 286 and 287. To rebut Epistar's damages demand, Lowe's will show that Epistar has not proven that it is entitled to the damages it seeks. Lowe's will show that Epistar has not proven causation in fact to support

13

lost profits. Lowe's will show that Epistar has not proven that it is entitled to a reasonable royalty. The limitations under Title 35 U.S.C. Section 286 apply automatically to cut off any damages occurring six years before the complaint was filed. In order to assert the limitations under Title 35 U.S.C. Section 287, Lowe's will rely on communication between Lowe's and Epistar and evidence regarding Epistar's failure to mark its products practicing the patents or to require its licensees to mark their products that practice the patents.

### (d) No Willfulness and no entitlement to attorney's fees, expenses and costs

Lowe's will prove that Epistar will not be able to establish willfulness. Lowe's will show that Epistar has not proven that Lowe's alleged infringement was willful. Lowe's will show that Epistar has not proven that this case is exceptional. In support Lowe's will rely on supporting evidence including that Lowe's ceased sales of the accused products shortly after suit was filed, that the validity of the asserted patents was meritoriously challenged, including the already-successful challenges to the claims of the '467 patent and a subset of the claims of the '738 patent, and that meritorious non-infringement defenses will be presented for all claims.

### 2.7 Anticipated Evidentiary Issues [L.R. 16-4.1(h)]

Pursuant to the Court's February 5, 2021 Scheduling Order, counsel for Lowe's intends to meet and confer with counsel for Epistar regarding pre-trial motions *in limine* no later than June 10, 2021, and to file any remaining disputes by no later than June 11, 2021. Lowe's understands that Epistar may also file motions *in limine*, and will meet and confer with Epistar to reduce the number of issues in dispute accordingly.

Pursuant to the Court's February 5, 2021 Scheduling Order, Lowe's and Epistar have both objected to certain exhibits and deposition designations that were identified by the parties in their May 28, 2021 exchanges. Lowe's and

14

Epistar have proceeded to meet and confer in an attempt to resolve the number of exhibits and designations in dispute. However, Lowe's expects that both Lowe's and Epistar will maintain objections to certain exhibits and deposition testimony.

### 2.8    Identification of Issues of Law [L.R. 16-4.1(i)]

**Relevant Limitations Period for Epistar's Indirect Infringement Claim:** Indirect infringement requires that Epistar prove by a preponderance of the evidence that, among other elements, Lowe's was aware of the Asserted Patents at the time of the alleged infringement. Accordingly, Lowe's contends that any finding of indirect infringement (absent a finding of direct infringement of the same patent) would not entitle Epistar to damages any earlier than the date Lowe's is proven to have knowledge of the relevant patent, i.e., if a jury finds that Lowe's indirectly infringed of any claim, but did not directly infringe such claim, Epistar is not entitled to damages any earlier than April 28, 2017.

**Enhanced Damages and Attorneys' Fees:** As discussed above in Sections 2.2 and 2.5, should the jury find that infringement of the Asserted Patents was willful, the Court has discretion to determine whether such infringement was "egregious" such that it warrants enhanced damages, pursuant to 35 U.S.C. § 284. Lowe's contends that, should any infringement be found willful, Lowe's' activity was not "egregious" and thus does not merit an award of enhanced damages. Here, of more than 30 originally asserted claims spread across five patents (all of which were the subject of willfulness allegations by Epistar), many have already been declared invalid, including all claims of one of the originally asserted patent. These circumstances cannot meet the test for enhanced damages. Further, as discussed above in Section 2.5, the Court has discretion to determine whether this is an "exceptional case" pursuant to 35 U.S.C. § 285, and to award reasonable attorneys' fees in light of such a determination. Lowe's contends that the Court should find this to be an

exceptional case in light of the strength of Lowe's' defenses and Epistar's litigation conduct, and that Lowe's should be awarded attorneys' fees as a result.

**Jury Instructions, Verdict Form, and Joint Statement of the Case:** The parties have exchanged proposed versions of Initial and Closing Jury Instructions, a Verdict Form, and a Joint Statement of the Case. The parties have proceeded to meet and confer to reduce the number of issues in dispute in these documents, but Lowe's expects that issues of law relevant to these documents will remain that need to be decided by the Court. Pursuant to the Court's February 5, 2021 Scheduling Order, these documents will be submitted to the Court no later than July 12, 2021.

**Other Relevant Issues of Law**

Lowe's anticipates that other legal issues may arise concerning Epistar's allegations of infringement, Lowe's' affirmative defenses and counterclaims of invalidity, and the parties' respective positions on what damages, if any, are appropriate in this matter. Lowe's will address any additional legal issues at the appropriate junctures as the case proceeds to trial.

## 3.   <u>BIFURCATION OF ISSUES [L.R. 16-4.3]</u>

District courts may order the bifurcation of liability, willfulness and damages issues in patent cases when it is in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Fed. R. Civ. P. 42(b).

Pursuant to Fed. R. Civ. P. 42(b), Lowe's requests bifurcation on the issue of willful infringement. Courts have recognized that bifurcating allegations of willful infringement are "prudent because of concerns about prejudice to the defendant or confusion on the part of the jury in managing evidence concerning the many Georgia Pacific factors with unrelated evidence of willful infringement." *ABS Glob., Inc. v. Inguran, LLC*, 2019 WL 3812520, at *4 (W.D. Wis. Aug. 14, 2019) (citing "[a]t least one study [that] supports reason for

1  concern with a jury's consideration of evidence of willful infringement with other
2  issues. *See Jeremy Taylor et al., The New Reality of Patent Trial Post-Halo*,
3  Law360 (Nov. 13, 2018), available at law360.com/articles/1100983).   Here,
4  bifurcating willful infringement would result in significant efficiencies. First, it
5  would postpone the question of willful infringement unless and until that concern
6  is at issue—i.e., after a jury has concluded that Lowe's infringed one of the three
7  asserted claims, and any infringed claims are not valid.

8       Moreover, as *ABS Global* and several predecessor cases found, bifurcation
9  of willfulness is necessary to avoid undue prejudice to Lowe's, including the
10 likely confusion of issues related solely to willful infringement with issues
11 related to infringement, indirect infringement and appropriate damages, if any. In
12 this case, Epistar's infringement theories require proof of elements that will cause
13 undue confusion for a jury and potential prejudice to Lowe's, such as inducement
14 of infringement, and damages, if any. Accordingly, Lowe's respectfully requests
15 bifurcation on the issue of willful infringement.

16 **4.    JURY TRIAL [L.R. 16-4.4]**

17      Epistar and Lowe's timely requested a jury trial. Epistar's patent
18 infringement and damages claims are triable to a jury as a matter of right.
19 *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 377 (1996) ("[T]here is no
20 dispute that infringement cases today must be tried before a jury, as their
21 predecessors were more than two centuries ago.") Lowe's' invalidity claims are
22 also triable to a jury as a matter of right. *Patlex Corp. v. Mossinghoff*, 758 F.2d
23 594, 603 (Fed. Cir. 1985) ("The right to a jury trial on issues of patent validity
24 that may arise in a suit for patent infringement is protected by the Seventh
25 Amendment.").

26 **4.1    Issues Triable to the Jury**

27      A timely demand for jury trial has been made. The following issues are
28 triable to the jury:

1      1.     Whether Epistar has proven by a preponderance of the evidence that

2 Lowe's directly and literally infringed claims 36 and 38 of the '771 patent.

3      2.     Whether Epistar has proven by a preponderance of the evidence that

4 Lowe's induced infringement of claims 36 and 38 of the '771 patent by proving

5 that (i) someone other than Lowe's infringed the patent; (ii) Lowe's took action

6 that actually induced the alleged infringement; and (iii) Lowe's was aware of the

7 patent; and (iv) Lowe's believed that its actions would encourage infringement of

8 a valid patent, or alternatively that it was willfully blind as to whether its actions

9 would encourage infringement of the patent.

10      2.     Whether Epistar has proven by a preponderance of the evidence that

11 Lowe's contributorily infringed claims 36 and 38 of the '771 patent by proving

12 that (i) someone other than Lowe's directly infringes the patent, (ii) Lowe's

13 supplied an important component of the infringing part of the accused product,

14 (iii) that component is not a common component suitable for non-infringing use,

15 and (iv) Lowe's supplied the component with knowledge of the claims of the

16 patent and knowledge that the component was especially made or adapted for use

17 in an infringing manner.

18      4.     Whether Epistar has proven by a preponderance of the evidence that

19 Lowe's directly and literally infringed each asserted claims 1, 3 and 7 of the '780

20 patent.

21      5.     Whether Epistar has proven by a preponderance of the evidence that

22 Lowe's induced infringement of claims 1, 3 and 7 of the '780  patent by proving

23 that (i) someone other than Lowe's infringed the patent; (ii) Lowe's took action

24 that actually induced the alleged infringement; and (iii) Lowe's was aware of the

25 patent; and (iv) Lowe's believed that its actions would encourage infringement of

26 a valid patent, or alternatively that it was willfully blind as to whether its actions

27 would encourage infringement of the patent.

28

6.     Whether Epistar has proven by a preponderance of the evidence that Lowe's contributorily infringed claims 1, 3 and 7 of the '780 patent by proving that (i) someone other than Lowe's directly infringes the patent, (ii) Lowe's supplied an important component of the infringing part of the accused product, (iii) that component is not a common component suitable for non-infringing use, and (iv) Lowe's supplied the component with knowledge of the claims of the patent and knowledge that the component was especially made or adapted for use in an infringing manner.

7.     Whether Epistar has proven by a preponderance of the evidence that Lowe's directly and literally infringed claims 9, 10 and 15 of the '020 patent.

8.     Whether Epistar has proven by a preponderance of the evidence that Lowe's induced infringement of claims 9, 10 and 15 of the '020 patent by proving that (i) someone other than Lowe's infringed the patent; (ii) Lowe's took action that actually the alleged induced infringement; and (iii) Lowe's was aware of the patent; and (iv) Lowe's believed that its actions would encourage infringement of a valid patent, or alternatively that it was willfully blind as to whether its actions would encourage infringement of the patent.

9.     Whether Epistar has proven by a preponderance of the evidence that Lowe's contributorily infringed claims 9, 10 and 15 of the '020 patent by proving that (i) someone other than Lowe's directly infringes the patent, (ii) Lowe's supplied an important component of the infringing part of the accused product, (iii) that component is not a common component suitable for non-infringing use, and (iv) Lowe's supplied the component with knowledge of the claims of the patent and knowledge that the component was especially made or adapted for use in an infringing manner.

3.     Whether Epistar has proven by a preponderance of the evidence that Lowe's' infringement was willful.

6.     Whether Lowe's has proven by clear and convincing evidence that claims 36 and 38 of the '771 patent and claims 9, 10 and 15 the '020 patents are invalid as anticipated.

7.     The predicate factual questions for obviousness under 35 U.S.C. § 103 for claims 1-3 and 8 of the '738 patent and claims 1, 3 and 7 of the '780 patent.

8.     If Lowe's is found to infringe one or more asserted claims, what amount of money would fairly compensate Epistar for Lowe's' infringement.

### 4.2     Issues Triable to the Court

The following issues are triable to the Court:

1.     Whether Lowe's has proven by clear and convincing evidence that claims 1-3 and 8 of the '738 patent and claims 1, 3 and 7 of the '780 patent are invalid as obvious under 35 U.S.C. § 103.

2.     Whether Epistar is entitled to enhanced damages for willful infringement (if any), pursuant to 35 U.S.C. § 284.

3.     Whether Lowe's is entitled to reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

### 5.     ATTORNEYS' FEES [L.R. 16-4.5]

Lowe's is entitled to attorneys' fees because this case is an exceptional case.

Under Section 285 of the Patent statute, courts have discretion to award reasonable attorneys' fees in patent infringement cases that are deemed "exceptional." A case is "exceptional" if it stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.  District courts determine whether a case is "exceptional" in a case-by-case exercise of discretion considering the totality of the circumstances.

Epistar's actions in this litigation establish this case as exceptional, and entitle Lowe's to reasonable attorneys' fees from Epistar. For example, Epistar has made this litigation a battle of attrition, alleging infringement of numerous patents, and continued to press Lowe's for discovery, on patents for which Epistar knew that Lowe's did not infringe any valid claim.

Epistar's discovery conduct in this litigation also renders this an exceptional case. Lowe's is prepared to submit evidence demonstrating Epistar's needless exacerbation of discovery disputes and its insistence on voluminous discovery.

Lowe's further submits that its defenses against the remaining twelve claims asserted in this case will demonstrate that this case is exceptional, and entitles Lowe's to attorneys' fees.

## 6.   ABANDONMENT OF ISSUES [L.R. 16-4.6]

Lowe's understands that Epistar has abandoned its infringement claims with respect to claims 32 and 33 of the '771 patent, claims 2, 4-6 of the '780 patent; and claims 1, 2, 8, 11-13, and 16 of the '020 Patent. Lowe's reserves the right to raise its defense with respect to the abandoned claims if Epistar withdraws the abandonment.

Lowe's has abandoned its affirmative defense of invalidity only under 35 U.S.C. § 101. Lowe's has also has abandoned its affirmative defenses with respect to waiver, estoppel, release, acquiescence, and unclean hands.

1

Dated: June 10, 2021                    /s/ *Michael B. Eisenberg*

2

3

Michael B. Eisenberg (*pro hac vice*)
**STEPTOE &JOHNSON LLP**

4

114 Avenue of the Americas, 35th Floor
New York, NY 10036

5

Tel:   (212) 506-3931

6

Fax:  (212) 506-3950

7

michael.eisenberg@steptoe.com

8

Jamie L. Lucia (SBN 246163)

9

**STEPTOE & JOHNSON LLP**

10

One Market Plaza
Spear Tower, Suite 3900

11

San Francisco, CA 94105

12

Tel:  (415) 365-6711
Fax:  (415) 365-6681

13

jlucia@steptoe.com

14

15

Anna M. Targowska (*pro hac vice*)
**STEPTOE & JOHNSON LLP**

16

227 West Monroe Street, Suite 4700

17

Chicago, IL 60606

18

Tel:   (312) 577-1300
Fax:  (312) 577-1370

19

atargowska@steptoe.com

20

Robyn C. Crowther (SBN 193840)

21

**STEPTOE & JOHNSON LLP**

22

633 West Fifth Street, Suite 1900

23

Los Angeles, CA 90071

24

Tel:   (213) 439-9428
Fax:  (213) 439-9599

25

rcrowther@steptoe.com

26

*Attorneys for Defendant*

27

*Lowe's Home Centers, LLC*

28

22

LOWE'S' MEMORANDUM OF CONTENTIONS OF FACT AND LAW
Case No.: 2:17-cv-03219-JAK-KS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on June 10, 2021 via electronic mail on all counsel of record.

/s/Anna M. Targowska
Anna M. Targowska

23