UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Epistar Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Lowe's Home Centers, LLC,<br><br>　　　　Defendant. | Case No.: 2-17-cv-03219 JAK (KS)<br><br>**STIPULATED JUDGMENT FOLLOWING JURY VERDICT** |

Commencing November 16, 2021, this matter was tried before a first jury with the Honorable John A. Kronstadt presiding. On December 6, 2021, the first jury returned its verdict.

Commencing September 12, 2023, the issue of damages was retried before a second jury with Judge John A. Kronstadt presiding. On September 15, 2023, the second jury returned its verdict.

In accordance with the verdicts so rendered by the juries in this matter, judgment is hereby entered as follows:

1. Judgment in favor of Plaintiff Epistar Corporation ("Epistar") and against Defendant Lowe's Home Centers, LLC ("Lowe's") in the amount of $1,782,572.30 on Epistar's claims of infringement of U.S. Patent Nos. 7,560,738 ("the '738 Patent") (Claims 1-3 and 8); 6,346,771 ("the '771 Patent") (Claim 38); and 8,492,780 ("the '780 Patent") (Claims 1, 3, and 7).

2. On February 11, 2020, the Court issued an Order granting: (1) Epistar's motion for summary judgment of infringement of Claims 1-3 and 8 of the '738 Patent; and (2) Lowe's motion for summary judgment of invalidity for lack of enablement of Claims 1, 2, and 7 of U.S. Patent No. 8,791,467 ("the '467 Patent") and Claims 13-17 and 24 of the '738 Patent.

3. The first jury found that Claim 38 of the '771 Patent and Claims 1, 3, and 7 of the '780 Patent were infringed.

4. The first jury found that Claim 38 of the '771 Patent was not invalid by reason of anticipation, but Claim 36 of the '771 Patent was invalid as anticipated.

5. Following the first jury trial in this matter, the Court determined that Claims 1-3 and 8 of the '738 Patent and Claims 1, 3, and 7 of the '780 Patent are not invalid by reason of obviousness.

6. The second jury awarded:

- A 2% running royalty rate on a base of $44,602,364 for the '738 Patent;

- A 1% running royalty rate on a base of $44,450,138 for the '771 Patent; and
- A 1% running royalty rate on a base of $44,602,364 for the '780 Patent.

7. Post-judgment interest on the damages awarded shall be calculated in accordance with 28 U.S.C. 1961.

8. Although the parties have agreed to the form of this judgment, they expressly reserve their rights to file post-judgment motions, including without limitations motions for judgment as a matter of law, new trial, prejudgment interest, accounting of post-discovery and post-judgment damages and interest, ongoing royalty, and any appellate rights.

Dated: September 29, 2023   By: _____

John A. Kronstadt
United States District Judge